IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHON D. CARVER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-831-JPG |
| CHRISTOPHER RAY, BENNIE VICK, and WILLIAMSON COUNTY JAIL, | ) ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jonathon D. Carver, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for an incident that took place while Plaintiff was a pretrial detainee at Williamson County Jail (Doc. 1, p. 4). In the Complaint, Plaintiff alleges Defendant Christopher Ray used excessive force against him. He asserts claims against the defendant under the Fourteenth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Plaintiff makes the following allegations: While Plaintiff was housed in E block at the Williamson County Jail,[1] Plaintiff got into a verbal confrontation with another inmate, Charles Kaegi. (Doc. 1, p. 5). Deputy Christopher Ray walked up to the two inmates as Kaegi called Plaintiff a child molester. Plaintiff stepped towards Kaegi and Deputy Ray grabbed Plaintiff and placed his right hand behind his back. When Plaintiff attempted to pull his arm away, Deputy Ray took Plaintiff to the ground and smashed Plaintiff's face against the floor making it difficult to breath. Plaintiff turned his head to breath and Deputy Ray instructed Plaintiff to stop moving and then punched Plaintiff in the right temple. (*Id.*). Ray then cuffed Plaintiff and lifted Plaintiff off the floor. Plaintiff slipped and his face was again smacked against the concrete floor. (*Id.*).

## Preliminary Dismissals

Although Plaintiff has identified the Williamson County Jail and Bennie Vick, the sheriff of Williamson County, as Defendants in the case, he fails to allege in the body of his Complaint that they violated his constitutional rights. Further, as to the Williamson County Jail, a jail is not a "person" under § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). It is not a legal entity in the first place and is therefore not amenable to suit. Williamson County Jail will therefore be **DISMISSED** from this action **with prejudice**. Bennie Vick is **DISMISSED without prejudice** for failure to state a claim.

---

[1] Plaintiff alleges in his Complaint that the encounter with Deputy Ray took place on August 24, 2019. As Plaintiff filed his Complaint on July 31, 2019, however, that approximated date is clearly incorrect.

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following count:

> **Count 1:** **Fourteenth Amendment Claim against Deputy Christopher Ray for using excessive force against Plaintiff while a pretrial detainee at the Williamson County Jail.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

Because Plaintiff was a pre-trial detainee at the time of the incident, his excessive force claim falls under the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment clause. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The Fourteenth Amendment's Due Process Clause "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). To prove that force was excessive, a "pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id*.

Here, Plaintiff alleges that in intercepting a verbal confrontation with another inmate, Deputy Ray "smash[ed]" Plaintiff's face into the floor making it difficult to breath and punched him in the head. Thus, Plaintiff has adequately alleged an excessive force claim.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Pending Motions**

In his Motion for Counsel (Doc. 3), Plaintiff indicates that he has contacted three attorneys. He does not, however, indicate what attorneys he contacted or when he contacted them. Based on this limited information, the Court cannot determine if Plaintiff has made a *reasonable* attempt to obtain counsel. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Plaintiff should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case. Plaintiff's motion for counsel (Doc. 3) is **DENIED without prejudice**.

**Disposition**

**IT IS HEREBY ORDERED THAT** Count 1 shall proceed against Deputy Christopher Ray. Bennie Vick, the Williamson County Sheriff, and Williamson County Jail are **DISMISSED** and the Clerk is **DIRECTED** to **TERMINATE** them from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

The Clerk of Court shall prepare for Defendant Christopher Ray: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within

30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. As the Court is ordering service of the defendant, Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED AS MOOT**.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/7/2019**

s/J. Phil Gilbert<br>**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**